J. Gary SHAW, Plaintiff,

v.

FEDERAL BUREAU OF
INVESTIGATION,
Defendant.

Civ. A. Nos. 82–1602, 82–2108, 82–2109, 82–2110, 82–2128, 82–2130, 82–2156, 82–2379, 82–2522, 82–2523 and 82–2680.

United States District Court,
District of Columbia.

Jan. 11, 1985.

Bernard Fensterwald, Jr., Fensterwald & Associates, Arlington, Va., for plaintiff.

Nathan Dodell, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM ORDER

HAROLD H. GREENE, District Judge.

This is a Freedom of Information action pursuant to 5 U.S.C. § 552. Plaintiffs seek documents from the FBI to substantiate their theory that French mercenaries were involved in the assassination of President John F. Kennedy. Presently before the Court are plaintiffs' motions to compel a search despite the absence of privacy waivers and for a waiver of search fees.

### I

Plaintiffs have requested all records maintained by the FBI on various named individuals. The FBI has responded by establishing several search levels to be used in processing the request. First, if plaintiffs submit privacy waivers or proof of death of the named individuals, the FBI will conduct a general search of its records to identify material responsive to plaintiffs' request. Second, even without privacy waivers, the FBI will conduct a general search of all records if the individual in question appears on the Master Index to the JFK Assassination Investigations compiled by Sylvia Meagher. Third, with respect to requests for records on individuals where no privacy waivers have been filed and where the individual's name does not appear on the Meagher Index, the FBI will conduct a search of its files directly related to the Kennedy assassination, but it will

not conduct a more general search of the records. Plaintiffs' motion seeks to compel the FBI to undertake a general search with respect to the requests which fall within the third category.

The FBI's position is that this limitation on what records will be searched for is justified by exemption 552(b)(7)(C) of FOIA which exempts from the requirements of FOIA: "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would ... (C) constitute an unwarranted invasion of personal privacy."[1] The FBI argues that all files concerning individuals which are located within the FBI system of records are *per se* investigatory records compiled for law enforcement purposes and therefore meet the threshold test of exemption (7) of FOIA, and that maintenance of any such record on a particular individual, if confirmed by the FBI, would constitute a clearly unwarranted invasion of that individual's personal privacy. Accordingly, the FBI has refused to conduct a more general search for records relating to these individuals.

While this Court is sensitive to the personal privacy interests identified by the FBI, it is unable to sanction the approach advocated by the FBI. The purpose of FOIA is to increase citizen access to government records. *Stern v. FBI*, 737 F.2d 84, 88 (D.C.Cir.1980). The burden is on the government to prove that a document is exempt from disclosure, not on the individual to prove his need for the document. In the case of exemptions under (b)(7)(C), this requires analysis of the record under what for present purposes may be regarded as a two-part test. In order to be withheld, the material (1) must be an "investigatory record" which was "compiled for law enforcement purposes," and (2) it must satisfy the requirement that disclosure would be an unwarranted invasion of personal privacy. *Pratt v. Webster*, 673 F.2d 408, 413 (D.C.Cir.1982); see also

*FBI v. Abramson*, 456 U.S. 615, 621, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982).

The Court of Appeals for this Circuit rejected the FBI's claim in *Pratt* that all FBI records are investigatory records compiled for law enforcement purposes. Thus, before the agency can even begin to claim a (7)(C) exemption it must locate the documents in question and determine whether they meet this threshold requirement. See *Pratt v. Webster, supra; Stern v. FBI, supra.*

Even if the records are found to meet the threshold requirement, the agency must then determine whether disclosure of the particular information is an unwarranted invasion of personal privacy. While in some instances, disclosure of the fact that an individual has been the subject of an FBI investigation may itself be an invasion of personal privacy, here again the agency has a duty to weigh the personal privacy interest against the public interest in disclosure.

The FBI has short-circuited all these processes, stating, in effect, that the only conceivable public interest in disclosure would have to be related to the Kennedy assassination, and that, since the FBI's Kennedy assassination files are being fully searched, the public interest in searching FBI records for other files is *per se* outweighed by the individual's privacy interest.

These arguments are unpersuasive. Plaintiffs may have an unorthodox theory on the Kennedy assassination; in fact, they totally reject the FBI view, and that of the Warren Commission, of the events surrounding the assassination. What plaintiffs are attempting to do is to uncover information which, they hope, will explain the Kennedy assassination according to *their* theory. They are not interested in reviewing the information from which the FBI developed its own theory of assassination, and there is, of course, nothing in the law which restricts outside researchers to the FBI's view of either history or current

---

**1.** The FBI also cites exemption (6) and exemption 7(D). The reasoning here applies to these claims as well.

events. Such a limitation by the nation's premier investigation agency on those who would challenge the orthodox view of recent history is inconsistent with the premises underlying the Freedom of Information Act.

■ On the other hand, plaintiffs cannot overcome otherwise valid privacy interests with the bald assertion that their research is in the public interest because it is somehow related to the Kennedy assassination. As indicated above, plaintiff's theory of the Kennedy assassination is unorthodox; it is also amorphous. Under the circumstances, it is unreasonable to expect the FBI to supply the missing links in that theory—indeed, it might be impossible for the FBI to do so. However, it is not unreasonable to expect the agency to search its files (1) to ascertain with respect to specific individuals identified by plaintiffs whether the specific facts averred in plaintiff's affidavits, including the alleged relationships among these individuals, are true according to those files, and (2) to follow up on these facts to the extent of determining whether the FBI files on these individuals reveal (a) additional relationships among them or with others with respect to whom plaintiff has filed FOIA requests in this case and (b) a connection between these individuals and President Kennedy or the city of Dallas around the date of the assassination.

If such a search uncovers investigatory records on the individuals identified by plaintiffs, the FBI might conclude that disclosure of the records would not constitute an unwarranted invasion of privacy, or it might conclude that the public interest outweighs any privacy interest.[2] The privacy interest could vary significantly from document to document, or from individual to individual. As the Court of Appeals has stated, "[b]ecause the myriad of considerations involved in the Exemption 7(C) balance defy rigid compartmentalization, per se rules of nondisclosure based upon the type

of document requested, the type of individual involved, or the type of activity inquired into, are generally disfavored." *Stern v. FBI, supra,* 737 F.2d at 91. In this case, where it is not yet clear what other records exist or how the material in these records would invade personal privacy, a *per se* rule is particularly inappropriate. *Stern v. FBI, supra; Lame v. U.S. Dept. of Justice,* 654 F.2d 917, 923 (3d Cir.1981); *Fund for Constitutional Government v. National Archives,* 656 F.2d 856 (D.C.Cir.1981). Thus, FOIA requires that the FBI search its records and after reviewing the contents of the records, strike the proper balance. That balance can then, if necessary, be further reviewed by a court.

The FBI must therefore conduct a search for records responsive to plaintiffs' request, including records on individuals for whom no privacy waivers have been submitted. If this search uncovers no materials of the sort described above, the FBI has met its obligations under the Act. If the FBI discovers such materials, it must determine whether the records in question meet the test for exemption from disclosure under (7)(C) or are exempt under any other provision of law. Any records which are found to be non-exempt must be disclosed to plaintiff. Where the FBI concludes that a record is exempt and where personal privacy considerations lead it to refuse to confirm or deny the existence of the record, the agency shall file an *in camera* affidavit explaining to the Court what documents are being withheld, with a summary of the information and the privacy considerations which would, in the view of the FBI, militate in favor of or against release of the information pursuant to exemption (7)(C). This will permit the Court to review the FBI's determination without impinging upon valid privacy interests by confirming the existence of FBI records on certain individuals.

**2.** In some circumstances official confirmation of the fact that an individual was the subject of an FBI investigation may, of course, be an unwarranted invasion of personal privacy. *Blakey*

*v. Department of Justice,* 549 F.Supp. 362 (D.D. C.1982), *aff'd without opinion* (1983); *Rushford v. Civiletti,* 485 F.Supp. 477 (D.D.C.1980), *aff'd without opinion* (1981).

## II

With respect to plaintiffs' motion for a waiver of search fees, FOIA permits agencies to furnish records without charge where the agency determines that waiver of the fee is in the public interest "because furnishing the information can be considered as primarily benefitting the general public." 5 U.S.C. § 552(a)(4)(A). An agency determination not to waive search fees should be disturbed by a reviewing court only if that determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

On October 15, 1982, the Office of Information and Privacy denied plaintiffs' requests for a waiver of search fees. This denial is based upon two principal justifications. First, the agency has made the assessment that the likelihood of any possible connection between the information sought and the assassination is remote and theoretical. Second, enormous amounts of public funds have been expended in investigating the assassination and significant amounts of information have already been made available. For that reason, the agency has determined that the public benefit from disclosure of the additional material sought by plaintiffs is remote. The agency has also stated that it would reconsider the denial of search and copying fees on the plaintiffs' requests "if, on the basis of documents received, the Agency concludes, independently or with the assistance of the plaintiffs, that release of the documents would benefit the general public."

The plaintiffs have failed to show that the agency's decision was arbitrary, capricious, or an abuse of discretion. The agency has reviewed the plaintiffs' requests and evaluated the potential public benefit from disclosure of this information. Its conclusion that plaintiffs' search is unlikely to result in significant benefit to the public interest is not arbitrary or capricious. The further caveat that, should a public benefit be forthcoming, the agency would reconsider, makes it clear that the agency has evaluated the competing interests and reached a reasonable accomodation. Plaintiffs are intent upon testing their own somewhat unique theory of the Kennedy assassination. While they have the right to undertake such an investigation, they have not established that they have the right to a waiver of search fees or that the agency's denial of their waiver request was arbitrary or capricious.

For the reasons stated, it is this 11th day of January, 1985

ORDERED that plaintiffs' motion to compel a search of FBI files in the absence of privacy waivers be and it hereby is granted; and it is further

ORDERED that defendant shall file an affidavit with the Court on or before February 25, 1985, detailing either by public affidavit or *in camera* submission which documents have been identified as responsive to plaintiffs' request, which have been disclosed to plaintiff, and which have been withheld, and on what basis they have been withheld; and it is further

ORDERED that plaintiffs' motion for a waiver of search fees be and it is hereby denied.